UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TODD EAVES,

           Plaintiff,

v.                                                                              CASE NO. 2:06-cv-10462
                                                                                 HONORABLE NANCY G. EDMUNDS

JENNIFER GRANHOLM, MIKE COX,
WARREN C. EVANS, and NORMAN GIBSON,

           Defendants.
_____/

**ORDER OF DISMISSAL**

**I. Introduction**

       Plaintiff David Todd Eaves is a state prisoner currently incarcerated at Pine River Correctional Facility in St. Louis, Michigan. He has filed an application for appointment of counsel and a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are: Jennifer Granholm, Governor of the State of Michigan; Mike Cox, Attorney General for the State of Michigan; Warren C. Evans, Wayne County Sheriff; and Norman Gibson, a deputy sheriff for Wayne County, Michigan. Plaintiff sues the defendants in their personal and official capacities.

       The amended complaint, filed on February 24, 2006, alleges that Plaintiff was arrested in 2004 and prosecuted for having sexual conversations over the Internet with defendant Norman Gibson, who was posing as a fourteen-year-old girl. Plaintiff's arrest apparently was reported on news stations and motivated Plaintiff's wife to divorce him. Plaintiff alleges that he pleaded guilty to two counts of violating Mich. Comp. Laws § 750.145d (using the Internet for the purpose of committing a crime against a minor) and was sentenced to imprisonment for one to

twenty years in prison.

Plaintiff claims that enforcement of § 750.145d violated his constitutional right to freedom of speech and his rights under the Commerce Clause of the United States Constitution. He asserts that he has been, and will continue to be, irreparably injured by the defendants' conduct unless the Court grants relief. He seeks a declaration that the defendants' acts and omissions violated his constitutional rights, an injunction ordering defendants Granholm and Cox to stop enforcing § 750.145d, and unspecified compensatory damages against each defendant.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

The pending complaint is frivolous and fails to state a claim because it indirectly attacks Plaintiff's conviction, sentence, and present incarceration. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his

custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  "This 'favorable termination' requirement is necessary to prevent inmates from doing indirectly through damages actions what they could not do directly by seeking injunctive relief – challenge the fact or duration of their confinement without complying with the procedural limitations of the federal habeas statute."  *Nelson v. Campbell*, 541 U.S. 637, 646-47 (2004) (citing *Muhammad v. Close*, 540 U.S. 749, 750-51 (2004)).  *Heck* and other Supreme Court cases "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, __, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).

  Plaintiff's conviction and sentence apparently have not been overturned or invalidated, and success in this action would undermine Plaintiff's conviction and present confinement.  Consequently, his complaint is barred by *Heck* and other Supreme Court cases.  To the extent that Plaintiff is suing for damage to his reputation, his claims have no merit because defamation, standing alone, does not state a claim for relief under 42 U.S.C. § 1983.  *Paul v. Davis*, 424 U.S. 693, 694 (1976).

  Finally, the only allegation made against defendant Warren C. Evans is that he "is legally responsible for the operations and actions of the Wayne County Sheriff's Department and all employed therein."  No declaratory or injunctive relief is sought against Sheriff Evans, and

Plaintiff has not shown that Evans was personally involved in the disputed arrest and prosecution.[1]  The Court therefore concludes that Plaintiff is suing Evans under a *respondeat superior* theory of liability.

> The Supreme Court has stated that § 1983 liability cannot be premised on a theory of respondeat superior.  *Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 81 (6th Cir. 1995) (citing *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). [S]upervisor liability under § 1983 is appropriate when "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," or "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."  *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984).  "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees."  *Id.*  Likewise, simple awareness of employees' misconduct does not lead to supervisor liability.  *Lillard v. Shelbey County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996).

*Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003).  Plaintiff has not shown that Sheriff Evans participated in, or knowingly acquiesced in, Plaintiff's arrest and prosecution.  Thus, Sheriff Evans is dismissed for this additional reason.

### III. Conclusion

Plaintiff's claims lack an arguable basis in law.  Therefore, the application for appointment of counsel [Doc. #3] is DENIED, and the amended complaint [Doc. #5] is DISMISSED as frivolous and for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous as well and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Nancy G. Edmunds

---

[1] Plaintiff has not alleged any specific allegations against Jennifer Granholm or Mike Cox, but he does seek to prevent them from enforcing § 750.145d.

4

        Nancy G. Edmunds
        United States District Judge

Dated: April 7, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 7, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager